IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | Criminal No.   1:21-CR-00009 (MAD) |
| ) | |
| ) | **Government's Objections to Presentence** |
| v. ) | **Investigation Report and Sentencing** |
| ) | **Memorandum** |
| ) | |
| **KEITH MUSSENDEN,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting that the Court impose a Guideline Sentence. The government further recommends that this Court sentence the defendant to a term of supervised release of 15 years.

The government respectfully submits that this sentence is sufficient, but not greater than necessary, to comply with the sentencing factors set forth in 18 U.S.C. § 3553.

## I. INTRODUCTION

On June 27, 2022, the defendant pled guilty pursuant to a plea agreement to one count of Sexual Exploitation of a Child, in violation of 18 U.S.C. § 2251(a). The government adopts the facts as set forth in the Plea Agreement (Dkt. No. 98) and Pre-Sentence Investigation Report (PSR, Dkt. No. 108), but does not agree with the calculation of the defendant's adjusted offense level. As more fully explained below, the government submits that the child pornography files recovered from the defendant's laptop is not relevant conduct within the meaning of USSG § 1B1.3(a)(1), and therefore the four-level enhancement for material containing sadistic or masochistic conduct pursuant to § 2G2.1(b)(4)(B) does not apply. Additionally, the government

submits that the defendant should have a five-level increase to his offense level, pursuant to USSG § 4B1.5(b).

## II.  OFFENSE LEVEL CALCULATION

**A.  Child Pornography Files Are Not Relevant Conduct**

The United States Probation Office applied a four-level enhancement pursuant to USSG § 2G2.1(b)(4)(B), as the child pornography files located on the defendant's laptop depict sadistic and/or masochistic conduct.  PSR, ¶ 39.  The government submits that the child pornography files contained on the defendant's computer do not constitute relevant conduct under USSG § 1B1.3(a)(1), and that this enhancement should not apply to the defendant's offense level calculation.

Relevant conduct USSG § 1B1.3(a)(1) must be conduct that "occurred during the commission of the offense of conviction, in preparation of that offense, or in the course of attempting to avoid detection or responsibility for that offense."  *See* USSG § 1B1.3(a)(1).

The child pornography files contained on the defendant's laptop appear to pre-date the defendant's offense conduct by several years, and did not occur during the commission of the sexual exploitation offense conduct, in preparation of it, or in the course of attempting to avoid detection or responsibility for that offense.  As a result, the four-level enhancement applied by the United States Probation Office under § 2G2.1(b)(6)(B) should be removed from the calculation of the defendant's offense level.

**B.  A Five-Level Enhancement Pursuant to USSG § 4B1.5(b) Should Apply to the Defendant's Offense Level**

In order for USSG § 4B1.5(b) to apply, the offense of conviction must be a covered sex crime; USSG § 4B1.1 and 4B1.5(a) must not apply; and the defendant must have engaged in a

"pattern of activity involving prohibited sexual conduct with a minor…on at least two occasions." *See* USSG § 4B1.5(b).

In the instant case, the defendant's offense of conviction is a covered sex crime, as it is a Chapter 110 offense that is not trafficking, receipt, or possession of child pornography. Additionally, USSG § § 4B1.1 and 4B1.5(a) do not apply, as the defendant does not have the requisite prior convictions. Lastly, the defendant engaged in "prohibited sexual conduct with a minor…on at least two occasions" when he enticed, induced, and persuaded the minor victim to pose for and send to him images of her vagina and anus, and to engage in multiple live-streamed sexual acts with him over the Internet.

### III. APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

**A. Statutory Sentencing Provisions**

**Count 1:**

1. **Maximum Term of Imprisonment**: 30 years, pursuant to 18 U.S.C. § 2251(a)

2. **Mandatory Minimum Term of Imprisonment**: 15 years, pursuant to 18 U.S.C. § 2251(a)

3. **Supervised Release Term**:  In addition to imposing any other penalty, the sentencing our must require the defendant to serve a term of supervised release between 5 years and life, to being after imprisonment.  *See* 18 U.S.C. § 3583(k).  A violation of the conditions of supervised release during that time period may result in the defendant being sentenced to an additional term of imprisonment.

4. **Maximum Fine**:  $250,000, pursuant to 18 U.S.C. § 3571(b).

5. **Special Assessment**: The defendant will pay an assessment of $100, pursuant to 18 U.S.C. § 3013.

6. **Additional Special Assessment**: In addition to the assessment imposed under § 3013, unless the court finds the defendant to be indigent, the defendant shall pay an additional assessment of $5,000 pursuant to 18 U.S.C. § 3014(a).  This assessment is payable only after the defendant has satisfied all outstanding court-ordered fines, orders of restitution, and any other obligation related to victim-compensation arising from the criminal convictions on which this assessment is based. 18 U.S.C. § 3014(b).

7. **Required Registration for Sex Offenders**:  Under the Sex Offender Registration and Notification Act, the defendant, as a result of the conviction in this case, must register as a sex offender, and keep the registration current, in each jurisdiction where the defendant resides, where the defendant is an employee, and where the defendant is a student.  For initial registration purposes, the defendant also must register in New York as a result of this conviction, even if the defendant resides in a different jurisdiction.  A sex offender who knowingly fails to register or update a required registration may be subject to prosecution under 18 U.S.C. § 2250, and face a penalty of up to ten years imprisonment.

**B. Guidelines Provisions**

1. **Estimated Offense Level**:  The government estimates that the adjusted offense level is 40, and agrees with all other adjustments to the defendant's offense level as contained in the Presentence Report ("PSR"), except as noted above.

    2. **Criminal History Category**:  The government estimates that the defendant's criminal history category is I.

    3. **Guidelines Imprisonment Range**:  The Guidelines advise that the defendant receive a sentence of 292 – 365 months incarceration.

**C.  Forfeiture**:   Pursuant to 18 U.S.C. § 2253, the Court may enter an order directing forfeiture to the United States of the property described in the Forfeiture Allegation in the information described above, as more fully set out below:

    1. One Apple iPhone with IMEI:  356597081661386.

### IV. GOVERNMENT'S SENTENCING RECOMMENDATION

    Based on all of the information before the Court, the government respectfully requests that the Court impose a sentence within the Guideline range.  The government further requests that this Court sentence the defendant to 15 years of supervised release and a fine as this Court deems to be appropriate.  The sentence that the government recommends here is sufficient, but not greater than necessary, to comply with the sentencing purposes set forth in 18 U.S.C. § 3553(a)(2).

    The defendant's crimes and relevant conduct are serious.  There are several aggravating factors here that demonstrate the palpable danger that the defendant presents to the most vulnerable members of society – its children –  as discussed below.

**A. The Nature, Circumstances, and Seriousness of the Offense.**

    As described in great length in the Plea Agreement (Dkt. No. 98) and PSR (Dkt No. 108), the nature and seriousness of the defendant's conduct in this case is extremely disturbing and quite severe, especially as his conduct involved a real minor.

    The defendant, who was approximately 36 years of age at the time, persuaded, induced, and enticed the then-14 year old minor to take sexually explicit pictures of herself, depicting her

vagina and anus, and send them to him over these multiple social media platforms. The defendant admitted that he sent the minor images of his erect penis in the hopes of receiving images of the victim's vagina, in return. The defendant further engaged in live-streamed video chats with the minor over the internet, during which he persuaded the minor to masturbate, while he also masturbated.

The defendant's reprehensible conduct also included the defendant's desire to test the bounds of the minor's love for him, by asking the minor if she would let him get her pregnant so he could rape their children. He repeatedly asked the minor in chat messages if she would satisfy his "dark desires," and had the minor call him "Daddy" while he called her is "Daughter." *See* PSR, ¶¶ 11-13.

Even after the minor victim and her parents informed the FBI of the defendant's communications with the minor, the defendant continued to reach out to the minor victim via the Internet, telling her "we were in love," and that "communicating with you just now put me at risk, but I had to know the truth about us." He added "[r]emember my anger only came from your infidelity and the fact that you found a boyfriend so quickly only proves that I was never really secure in this relationship." *See* PSR, ¶ 9. The defendant further told the minor that the FBI was using her as a tool to destroy him, adding that he thought the minor was "the one" that she told him that she loved him and he believed it. These communications demonstrate the defendant's continued efforts to manipulate and control the minor victim after learning that the minor and her parents had spoken with law enforcement about his communications and actions with the minor.

The defendant's conduct in this case warrants the agreed upon sentence, as Congress itself has mandated for the offense of conviction. *See* 18 U.S.C. § 2251(a).

B. **The History and Characteristics of the Defendant.**

The government notes that the defendant's mental health and substance abuse history, as detailed in the PSR, is significant and concerning. These histories support a special condition of supervised release that would require the defendant's participation in a mental health and drug treatment or rehabilitation program. *See* ¶¶ 62-67. There also appears to be a very strong link between the defendant's romantic relationships, his mental health concerns, and his use of controlled substances that further necessitate a long period of supervised release.

Additionally, while the child pornography files located in the unallocated space of the defendant's laptop are not relevant conduct for the purpose of the Sentencing Guidelines, they should be considered under 18 U.S.C. § 3553.

In addition to the child pornography files, the government recovered from the defendant's laptop a 2016 Skype chat message thread between the defendant and another Skype user in which the defendant discussed his interest in sexually abusing children as young as 3 years of age. That message thread is attached as Exhibit 1. Moreover, the government recovered from the defendant's laptop his Google search history, which revealed searches for "ideal age pregnancy 12 years old," "father daughter incest legal countries," and "pedophilia is necessary," along with searches for the minor victim's name. That redacted search history is attached as Exhibit 2.

The defendant's long and extremely troubling interest in the sexual exploitation of children, coupled with his offense conduct, warrants a Guideline Sentence and a lengthy period of supervised release.

**C. Respect for the Law, Just Punishment, and Deterrence.**

A sentence that reflects respect for the law, just punishment of the defendant, and deterrence to those who seek to commit similar offenses, are other factors for this Court to consider. 18 U.S.C. § 3553(a). The government submits that imposition of a Guideline sentence followed by a 15-year-term of supervised release, to adequately meet these requirements, as well.

## IV. CONCLUSION

For all of the reasons set forth above, the government maintains that a Guidelines sentence of imprisonment, and a term of supervised release of 15 years, is warranted, just, and not greater than necessary to accomplish the goals of sentencing. 18 U.S.C. §3553(a).[1]

Respectfully submitted,

CARLA B. FREEDMAN
United States Attorney

By:   */s/ Rachel L Williams*
Rachel L. Williams
Assistant United States Attorney
Bar Roll No. 701542

---

[1] The government reserves the right to respond to the PSIR, when file, along with any defense arguments raised for the first time after the filing of this memorandum. Similarly, if the Court is considering a *sua sponte* departure from the applicable Guidelines range on a ground not previously identified by the parties or in the PSIR, the parties are entitled to notice and an opportunity to respond. *See* Fed R. Crim. P. 32(h), (i)(1)(c). Furthermore, the government respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by Probation.

## CERTIFICATE OF SERVICE

I hereby certify on October 18, 2022, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to counsel for the defendant.

*/s/ Rachel L. Williams*

Rachel L. Williams
Assistant United States Attorney
Bar Roll No. 701542