UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                **SENTENCING MEMORANDUM**
-against-                             DNYN 1:21CR00009-001(MAD)

Keith Mussenden.
                            Defendant.

David J. Rynkowski, attorney for defendant, states as follows:

1. That I am the attorney for Defendant in the above captioned case.
2. That I make this memorandum in support of certain positions in regard to the sentencing of the defendant.

## LEVEL OFFENSE

Defendant disagrees with the Probation Department's and Federal Government assessing a four point or a five point enhancement because the defendant renounsed his possession of such material, therefore this conduct cannot be used for a sentencing enhancement, and in addition such material is not relevant conduct as a matter of law.

The defendant did look at and downloaded child porn. However, the defendant reinstalled the operating system on the laptop believing that would permanently erase such child porn. For the most part it did because the average computer user could no longer access the child porn. It took a computer forensics expert with specialized training and specialized computer software that costs tens of thousand dollars a year in licensing payments to find and then possess the child porn in question. Plus it took the government's experts two years after they seized his lap top and several forensic examinations to find it. It is a matter of science that the child porn inside his laptop could not be retrieved or accessed by Keith Mussenden without those programs and training. Since the defendant could no longer have access to the illegal content, and it was his intention to delete the material permanently, he no longer possessed the material and his reloading the operating system shows he renounced his possession in the past. See

generally 18 USC 1091. Therefore as a matter of law the possession of child porn prior to or after his reinstalling the operating system cannot be relevant conduct.

In addition, neither the government nor the probation department can prove he possessed the child porn between the time in the indictment of June 2019-February 2020. If he reloaded his operating system prior to June 2019, his time of possession was not during the time period of this indictment, therefore it could not be relevant conduct.

Finally, the child porn could not be considered relevant conduct because it depicted children under the age of five, and there is no scientific evidence proffered that shows child porn of children under the age of five would cause someone to abuse a teenager. He is charged with sex crimes dealing with a post-pubescent teenager. The defendant submits that attraction to a post-pubescent teenager is not aided, abetted, induced, procured or willfully caused by possession of child porn under the age of five or less. The probation department's report contains no scientific evidence that people who view pre-pubescent child porn would be more likely to sexually abuse a post-pubescent teenager-it just decrees that this is so. The defendant asks for the court to find that it is not relevant conduct, or at minimum ask for an evidentiary hearing as to whether the science shows that attraction to pre-pubescent child porn aided, abetted, induced, procured or willfully caused a sexual abuse a post-pubescent teenager.

Therefore, because the defendant renounced his possession of child porn, because the government cannot show he possessed the child porn during June 2019-February 2020, and because there is not scientific proof to show viewing child porn of children age five and under causes sexually abusing a post pubescent teenager, there should be no point enhancement for child porn possession. In the alternate, the defendant prays for an evidentiary hearing to determine whether possession of child porn of children under the age of five aided, abetted, induced, procured or willfully caused by possession of child porn under the age of five.

## RECOMMENDED SENTENCE

The defendant is facing sentence based on a cookie cutter approach of the federal sentencing guidelines. The defendant submits that the court should go outside the sentencing guidelines and do a downward departure below 24 years to a sentence more in line to the damage the defendant did. This is based on the federal Sentencing Guidelines not considering several factors that play in the defendant's favor. Those factors are listed below.

### SENTENCE RANGE IS NOT PROPORTIONATE TO OTHER CRIMES

If he were to have murdered the victim, he would be eligible for 25 years incarceration and lifetime parole. If he were to have raped the victim, he would be eligible for a 25 year sentence after trial. The victim was harmed by the defendant, but she was not 22-28 years harmed. The sentencing guidelines do not take into consideration that the defendant could get less time if he attempted to kill her, assaulted her and gave her a permanent disfigurement, or raped her.

### VICTIM WAS NOT BLAMELESS

The defendant acted out sexually with a underage person that was not able to consent by law. He took advantage of her age to satisfy his sexual gratification. The defendant's actions were illegal, inappropriate, and wrong. However it is an exaggeration to say the defendant forced the victim to do anything. The parties were 1,000 miles apart. He never threatened to harm her physically. He never tried to meet her and abuse her in person. Everytime they had contact she had to voluntarily go into a chat room to communicate with him. The defendant should be judged for what he did and not for what he did not do. He enticed an underage female send him naked pictures of herself, and he sent her naked pictures of himself. It is bad enough that the defendant committed a crime by doing this, but the victim was not forced into this behavior. She was in the chat rooms

looking for trouble and she found it in Keith Mussesden. Because the victim had to go looking for trouble herself, the defendant should be given some consideration that children physically around him were safe in that he was too scared to act out on his sexual impulses in person and that it took someone to go looking for trouble to get into trouble the defendant was causing. The average child faced no danger from the defendant because they were not looking in chat rooms for sexual liaisons, and the defendant should be given some consideration for this mitigating factor.

THE DEFENDANT'S ACTIONS WERE DUE TO A MISPLACED LOVE AFFAIR

This was an inappropriate and illegal love story; not a predator looking for underage girls to victimize. This is shown through the pre trial report.

1. Yes, my love.
2. "I want to start a family with you and be with you forever."
3. Once the victim told the defendant that she talked with the FBI, the defendant said, "that he still loved her even though he likely will go to jail for his contact with her,
4. "I am sorry that I hurt you. I regret all of the pain I caused you. I did not realize you were in so much pain. I hate myself a lot and its really sad what happened. I hope your boyfriend takes care of you. I still love you but I am going through things too."
5. "I still love you."
6. 'If you are done with me, you need to tell me now so we can both move on."
7. "You know that communicating to you just put me at risk, but I had to know the truth about us."
8. "I bless you and your new relationship and wish you the best that your new boyfriend takes care of you."
9. "If you do not need me, then know that it is only right I have is the right to disappear."

10. "We were in love V-1."

11. "[m]y anger only came from your infidelity and the fact that you found a boyfriend more quickly only proves that I was never really secure in this relationship."

12. "If you tell me he makes you happy I will believe you, but this means that you are no longer my responsibility. He is now responsible for you."

13. "I still love you and I dream of us being together."

14. "I have to know the real truth, if you still love me then I need to know. If you do not love me anymore, then you are going to have to let me go, because thinking of you haunts me and makes me cry over what I lost."

15. "You are everything I ever wanted."

16. "I thought you were the one. You told me you loved me and I believed you! . . . I do not need that rape fantasy anymore. All I needed was you. I would have waited for you!!! We would have had a normal life."

17. "Betraying me was the best gift you could ever give me. I believed in you so deeply. I thought we had a life forever."

18. "I love you and miss you, and I am so mad at you for forgetting the bond we had. I thought we had something special."

19. "[y]ou know I still love you. But you know of what happened I can never fully express my love for you."

20. "Being lovers means forgiveness. We grow closer by forgiving and accepting each other. It is never too late to start anew. All I ever wanted was for us to be happy."

21. "I want you really badly actually I want us to go deeper this time.. . . so you enjoy the thought of belonging to me. . . . cause I need you. . . . and I want to be loved by you cause no one can make me feel like the way you do when you nurture me. . . ."

22.    "How is my girlfriend doing?"

### DEFENDANT FELT BAD EVEN BEFORE HE WAS ARRESTED

Here are defendant's statements he made to the victim before he was arrested as reported in the pre sentence report.

23.    "I am sorry that I hurt you. I regret all of the pain I caused you. I did not realize you were in so much pain. I hate myself a lot and its really sad what happened. I hope your boyfriend takes care of you. I still love you but I am going through things too."

24.    "I actually cried yesterday when I felt your anger. I feel like there is nothing I can do now. I want to disappear."

25.    "I still love you. I know what I did was wrong."

26.    "I am sorry. . . . I am mentally unstable.. . . . I just wish I can find help"

### DEFENDANT HAD AN UNTREATED MENTAL ILLNESS

While at the Rensselaer County Jail, defendant was diagnosed with Obsessive Compulsive Disorder, Post Traumatic Stress Disorder, Recurrent and Moderate Major Depressive Disorder, and a Personality Disorder. He is prescribed Brupropion, Olanzapine, and Sertraline to treat these illnesses. The defendant submits that defendant's behavior towards the victim was exacerbated by these mental health disorders, particularly the personality disorder and obsessive compulsive disorder. His Obsessive Compulsive Disorder may have caused him to fixate on the victim and make him feel the need for love from someone underage and physically unavailable to him that a properly medicated and treated person would have used better judgement and avoid the destructive behaviors that victimized the victim. Now that he is diagnosed and medicated, he can receive treatment that will reduce the chance of his reoffending if not eliminate them.

## DEFENDANT RENOUNCED CHILD PORNGOGRAPHY

As previously stated, defendant did in the past possess child pornography. What makes the defendant unique as an offenders is that he erased and eliminated the child pornography by reinstalling his operating system on his laptop. This was done before he knew he was facing federal criminal charges. He succeeded in stopping any average user, as well as himself, from viewing said pornography. A person who was inclined to physically molest children, especially the pictures regarding children age 5 and under, would not have taken such a step but rather would try to possess more child porn and not throw away the child porn he had. This proves his interest in child pornography was curiosity and not to satisfy and illegal sexual compulsion.

## THE PORNOGRAPHY HE CREATED WAS FOR PERSONAL USE AND NOT DISTRIBUTED

Count One of the Indictment does not make much distinction between a person who creates child pornography and distributes widely for monetary gain with a tortured soul like Keith Mussenden who had a child take 10 or less nude pictures for his personal sexual gratification that was mixed in with an illegal love affair. Mr. Musssenden actions do not deserve to start out with a level 32 offense before enhancements, but the sentencing guidelines do not make any such accommodation.

## DEFENDANT IS 37 YEARS OLD WITHOUT A CRIMINAL RECORD

While the guidelines punish people for having a criminal record, it does not mitigate people who had no criminal record at age 37. This is significant. The defendant had no history of hurting anyone. He has no history of looking for children to molest. He has no history of acting inappropriately around children. He has no history of looking for occupations or jobs that are around children. He does not become romantically involved with women to get closer to children. Most criminals start crime well before their 37th birthday. Even if the court were to sentence him to the lowest possible sentence of 15

years, the defendant will leave prison around the age of 50; an age where most people stop committing crimes. Seeing that he has not committed crimes before age 37, there is no reason to believe he will commit more crimes once he is out, especially while being supervised by probation and has restricted and monitored computer use.

### DEFENDANT'S CRIMES WERE ALL DONE THROUGH THE COMPUTER AND HE MADE NO ATTEMPT TO DO THEM IN PERSON

There is a two level enhancement for using a computer to distribute pornography. The defendant submits that using a computer, under the facts presented here, are actually a mitigating factor that should lower his sentence. As the court is aware, most people who engage in collecting child pornography do not actually molest children. They look at the child pornography as a means to satisfy a perverse sexual urge without having to physically harm a child. They fulfill their perversions by watching and collecting child pornography. Child pornography is illegal in part because it creates a profit for children to be sexually exploited.

After all the forensics done on the defendant's cell phone and lap top computers, there is no instance wherein the defendant tried to meet a child for sexual exploitation in person; it was all done through the computer. Why? Because he satisfied his urges by playing in a fantasy world wherein he was loved by someone else. He received sexual gratification by exchanging photographs with underage teenagers. He could fanaticize that many women love him and that BDSM would make him in the cyber world something he could never be in the real world. However, he would not do it in person because he never intended on sexually harming someone live and in person. A properly medicated and treated Keith Mussenden with restricted access to a computer and the internet poses no threat to children. Had he wanted to physically molest a child in person, he would have. He did not. Nor did he ever try.

## CONCLUSION

In summary, it is necessary to state what the defendant is not arguing. He is not arguing that he is innocent. He is not arguing that he should not be a convicted felon. He is not saying he should not be a sex offender. He is not arguing that he should not do lengthy federal prison time. He is not denying he victimized V-1. What he is arguing for is for a sentence that is proportional to the harm he caused. Considering he has no criminal record at age 37, considering that he never attempted to meet any underage females he communicated with over the internet, considering the pornographic pictures he received were not given to third parties, considering he fell in love with v-1, considering he felt bad for hurting the victim before he was arrested, considering he has remorse for his actions, considering he had untreated mental illnesses that are now being treated, considering he destroyed any child porn he did have, and finally considering that he could receive less prison time than if he raped or murdered the victim, defendant asks to be sentenced outside of the sentencing guidelines to the minimum sentence of 15 years in federal prison.

Dated: December 9, 2022

_____
DAVID J. RYNKOWSKI
BAR ROLL #: 507121